FILED
United States Court of Appeals
Tenth Circuit

June 25, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEFFREY SHAUN BAGBY, a/k/a Jeffrey
Sjawn Bagby, a/k/a Jeffrey Shawn Bagby,

Defendant - Appellant.

No. 18-5007
(D.C. Nos. 4:14-CV-00232-CVE-PJC and
4:10-CR-00134-CVE-1)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.

---

This is a *pro se* § 2255 proceeding. Jeffrey Shaun Bagby was charged in the

United States District Court for the Northern District of Oklahoma with (1) possessing 50

grams or more of cocaine base (crack) with intent to distribute and (2) being a felon in

possession of a firearm. Just before his trial commenced, he waived his right to counsel

and proceeded to represent himself. The jury convicted him on the drug count and

acquitted him on the firearm count. Because of his prior felony drug convictions, Mr.

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Bagby was sentenced to a mandatory minimum sentence of life in prison on the drug count. This court affirmed. *United States v. Bagby*, 696 F.3d 1074 (10th Cir. 2012).

Mr. Bagby subsequently filed the 28 U.S.C. § 2255 motion underlying this proceeding, alleging seven grounds of ineffective assistance of counsel in pretrial proceedings and on appeal. Mr. Bagby describes these grounds as follows:

I.     Whether trial counsel provided constitutionally ineffective assistance when he/she failed to object to the government's pervasive misconduct, including its deliberate fraud upon the Court relevant to the [Tulsa Police Department] corruption investigation.

II.     Whether trial counsel provided constitutionally ineffective assistance when she failed to file a motion to suppress the statements purportedly made by the defendant to Officer Mackenzie.

III.     Whether trial counsel provided constitutionally ineffective assistance when she failed to adequately investigate and prepare for trial.

IV.     Whether trial counsel provided constitutionally ineffective assistance when she failed to object to the District Court's conclusion that the defendant had knowingly and voluntarily waived his right to counsel.

V.     Whether trial counsel provided constitutionally ineffective assistance when he failed to request a hearing on previous counsel's motion to withdraw based upon an undisclosed conflict of interest.

VI.     Whether Appellant counsel provided constitutionally ineffective assistance when he failed to raise the issues enumerated above on direct appeal.

VII.     Whether Appellant counsel provided constitutionally ineffective assistance when he failed to argue that the facts (prior convictions) used to increase the defendant's mandatory minimum sentence to life imprisonment were elements of the offense that should have been contained in the indictment, submitted to the jury, and prove[n] beyond a reasonable doubt.

(Appellant's Opening Br. at 6.) The court proceeded to deny all seven ineffective assistance of counsel claims on the merits. It also denied a certificate of appealability in

2

the same order. The court entered judgment by separate order on January 16, 2018. Mr. Bagby now seeks a certificate of appealability from this court.

Mr. Bagby makes essentially the same arguments on appeal as he did in the trial court. After a review of the trial court's thorough decision, the supporting record, and relevant case law, we conclude that Mr. Bagby has not demonstrated that the trial court's decision was incorrect or that the issues raised are debatable among jurists. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For substantially the reasons given by the trial court, we therefore **DENY** the application for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT

Monroe G. McKay
Circuit Judge